UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QUANTEFI CORP.<br><br>*Plaintiff*,<br><br>v.<br><br>BELDEN INC.<br><br>*Defendant*. | Case No. 4:26-cv-1345-JMD<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT BELDEN INC.'S**
**MOTION TO DISMISS UNDER RULE 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 4.01, Defendant Belden Inc. ("Belden") respectfully moves this Court to dismiss Plaintiff QuanteFi Corp.'s ("QuanteFi") claims against Belden for direct infringement, induced infringement, contributory infringement, and willful infringement, as set forth in the Complaint (ECF No. 1). In support thereof, Belden states as follows:

1. QuanteFi asserts direct, indirect, and willful infringement claims against Belden for infringement of U.S. Patent Nos. 8,594,341 (the "'341 Patent"); 7,656,900 (the "'900 Patent"), 11,258,500 (the "'500 Patent"), or 9,331,883 (the "'883 Patent") (collectively, the "Asserted Patents") through certain Ruckus-branded wireless networking products and services (the "Accused Instrumentalities").

2. The Complaint fails to state a claim for direct infringement because it does not plausibly allege that Belden, rather than its non-party subsidiary Ruckus, makes, uses, offers to sell, sells, or imports any Accused Instrumentality. The Complaint identifies Ruckus-branded products and alleges that Belden acquired Ruckus, but those allegations do not plausibly establish that Belden itself performs any act of direct infringement.

3. The Complaint also fails to connect the Accused Instrumentalities to three of the four at-issue patents – i.e., the ’900, ’500, and ’883 Patents. Specifically, the Complaint maps portions of an industry standard to the asserted claims but fails to allege any facts suggesting that the Accused Instrumentalities practice those portions of the industry standard that allegedly constitute infringement. For this additional reason, the assertions of direct infringement fails on the pleadings and the Complaint should be dismissed for failure to state a claim.

4. QuanteFi’s indirect- and willful-infringement allegations also fail because the Complaint does not plausibly allege that Belden knew of any Asserted Patent or its alleged infringement before the filing of the Complaint, or that Belden was willfully blind to either.

5. QuanteFi also fails to adequately plead the additional elements of induced, contributory, willful infringement, including 1) specific intent or affirmative acts encouraging infringement, 2) a component especially made or adapted for infringement, and the absence of substantial noninfringing uses, or that 3) Belden deliberately or intentionally infringed any Asserted Patent.

6. The filing and service of the Complaint cannot itself supply the knowledge necessary to support QuanteFi’s indirect- and willful-infringement allegations. Those claims are accordingly also properly dismissed.

7. Belden files contemporaneously herewith and incorporates herein by reference its Memorandum in Support of this Motion.

WHEREFORE, Defendant Belden Inc. respectfully requests dismissal of the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) and for such other and further relief as the Court deems just and proper under the circumstances.

November 9, 2026

Respectfully submitted,

**LEWIS RICE, LLC**

*/s/ Bridget Hoy*

Bridget Hoy, 50733(MO)
Meagan Nydegger, 75697(MO)
600 Washington Ave., Suite 2500
St. Louis, Missouri 63101
314-444-7837 (telephone)
314-612-7837 (facsimile)
bhoy@lewisrice.com
mnydegger@lewisrice.com

Matthew C. Berntsen (pro hac vice)
Cory C. Bell (pro hac vice)
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Two Seaport Lane
Boston, MA 02210-2001
(617) 646-1618 (telephone)
(202) 408-4400 (facsimile)
matthew.berntsen@finnegan.com
cory.bell@finnegan.com

Aaron L. Parker (pro hac vice)
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 408 4387 (telephone)
(202) 408-4400 (facsimile)
aaron.parker@finnegan.com

*Attorneys for Defendant*
*Belden Inc.*